# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Thomas S.,<br><br>         Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>         Defendant. | Civil Action<br>No. 21-10712 (CPO)<br><br>**OPINION** |

**Appearances:**

Jamie Ryan Hall
Law Office Of Jamie R. Hall
110 East State Street
Suite 12
Kennett Square, PA 19348

    *On behalf of Plaintiff Thomas S.*

Delores Montgomery
SOCIAL SECURITY ADMINISTRATION
Office Of The General Counsel, Region III
PO Box 41777
Philadelphia, PA 19101

Naomi B. Mendelsohn
SOCIAL SECURITY ADMINISTRATION
Office Of The General Counsel, Region III
300 Spring Garden Street, Sixth Floor
Philadelphia, PA 19123

    *On behalf of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.*

**O'HEARN, District Judge.**

  I. <u>**INTRODUCTION**</u>

  This matter comes before the Court on Plaintiff Thomas S.'s[1] appeal from a denial of Social Security disability benefits by the Acting Commissioner of Social Security ("Defendant"). The Court did not hear oral argument pursuant to Local Rule 9.1(f). For the reasons that follow, the Court **AFFIRMS** the Acting Commissioner's decision.

  II. <u>**BACKGROUND**</u>

  The Court recites herein only those facts necessary for its determination on this Appeal.

  A. **Administrative History**

  Plaintiff filed a Title II application for a period of disability and disability insurance benefits on February 25, 2019, alleging an onset date of disability beginning July 30, 2018. (AR 18). Plaintiff's claims were denied initially and on reconsideration. (AR 18). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which occurred on June 2, 2020, by telephone due to COVID-19. (AR 18). Plaintiff was represented by counsel and testified at the hearing. (AR 18). Vocational expert ("VE") James D. Sarno also testified. (AR 18). In a decision dated July 9, 2020, the ALJ found that Plaintiff was not disabled under the Social Security Act. (AR 18–29). Plaintiff's Request for Review by the Appeals Council was denied on March 1, 2021. (AR 1–6). Thus, the July 9, 2020, ALJ Decision became the final decision of the Commissioner. On May 5, 2021, Plaintiff filed the present action. (Compl., ECF No. 1).

---

[1] Pursuant to this Court's Standing Order 2021-10, this Opinion will refer to Plaintiff solely by first name and last initial.

B.     **Plaintiff's Background and Testimony**

Plaintiff was forty-six years old when he filed his application. (AR 319, 326). He has an eleventh-grade education and worked as a sanitation manager. (AR 164-65, 176, 1409). Plaintiff reported being able to manage his personal hygiene, care for his pets, prepare simple meals, perform household chores, perform yardwork, drive, shop, and care for his personal needs. (AR 196-203, 228-35).

Plaintiff testified that he experiences severe paranoia, anxiety, and panic attacks. (AR 40–42). He added that his doctor had recently increased one of his medications and "things are a little bit better right now." (AR 46). However, Plaintiff testified that the medications make him tired and irritable. (AR 47).

Plaintiff suffers from seizures and headaches, possibly resulting from multiple past instances of severe head trauma. (AR 378, 1348, 1350). He sometimes has traumatic flashbacks to the brain surgery he underwent as a result of these traumas. (AR 1497). He also has a history of mental illness including diagnoses of anxiety, schizoaffective disorder, panic disorder, bipolar, and post-traumatic stress disorder. (AR 380, 1498, 1517, 1612). To providers, Plaintiff reported irritability, panic attacks, depression, mood swings, poor sleep, fatigue, and feelings of tiredness. (AR 378, 788, 1284, 1609, 1618).

In August and September 2018, Plaintiff was voluntarily admitted to an inpatient treatment facility for suicidal ideations, and increased depression. (AR 378). Plaintiff also reported having auditory hallucinations, insomnia, and poor appetite. (AR 378). His treatment included medication and group therapy in which he reported feeling like he made "significant changes since beginning the program." (AR 927). At his first follow up examination after discharge, Plaintiff had normal behavior, concentration, memory, attention, cognition, and thought content but still had a

depressed, anxious, and irritable mood and racing thought processes. (AR 788-90). Plaintiff's condition remained consistent with continued outpatient group and individual therapy and he reported feeling "much better than he has before," and denied thoughts of self-harm. (AR 806, 822, 827, 829, 831, 833, 838 835 894, 1278).

### C. Relevant Medical Evidence

The Court will briefly summarize the relevant medical evidence relating to Plaintiff's mental disabilities. This recitation is not comprehensive and is limited to resolving the issues raised on appeal.

1. <u>State Disability Doctors: Janice Calderon Psy.D., Zulma Nieves, Psy.D., and Dr. Melanie Callender, Psy.D.</u>

In May and June of 2019, Doctors Calderon and Nieves reviewed Plaintiff's medical evidence for the State Disability Determination Service ("DDS"). (AR 52–67). Considering whether Plaintiff met the Listings for Depressive, bipolar and related disorders (Listing 12.04) or Anxiety and obsessive-compulsive disorders (Listing 12.06), Dr. Calderon found Plaintiff's limitations in his ability to understand, remember or apply information was moderate; his limitations in his ability to interact with others was moderate; his limitations in his ability to concentrate, persist, or maintain pace was moderate; and his limitations in his ability to adapt or manage himself was moderate. (AR 59). Additionally, Dr. Calderon found that Plaintiff did not meet the Paragraph C criteria for the Listings. (AR 59). Dr. Nieves prepared a mental residual functional capacity assessment and opined that Plaintiff was moderately limited in most areas and recommended limiting Plaintiff to only simple tasks. (AR 62–65). The result of this initial DDS evaluation was a finding that Plaintiff was not disabled. (AR 66).

In August of 2019, Doctor Callender conducted a second review of Plaintiff's records for DDS. (AR 69–83). Considering whether Plaintiff met the Listings for Depressive, bipolar and

related disorders (Listing 12.04) or Anxiety and obsessive-compulsive disorders (Listing 12.06), Dr. Callender concurred with Dr. Calderon's finding that Plaintiff was moderately limited in every category. (AR 75). Additionally, Dr. Callender found that Plaintiff did not meet the Paragraph C criteria for the Listings. (AR 76). Preparing a mental residual functional capacity assessment, Dr. Callender opined that Plaintiff was moderately limited in many areas and echoed Dr. Nieves' recommendation limiting Plaintiff to only simple tasks. (AR 78–81). The result of this second DDS evaluation was a finding that Plaintiff was not disabled. (AR 82).

        2. <u>Lawrence G. Mintzer, Ph.D.</u>

Plaintiff saw Dr. Mintzer for a psychological consultive examination in April 2019. (AR 1495). Dr. Mintzer interviewed and examined Plaintiff, finding him "a bit depressed" with poor concentration but generally oriented with good memory, abstract thinking, and insight. (AR 1497–98). Overall Dr. Mintzer found Plaintiff's limitations to be moderate to severe in degree and found him unable to manage his own funds due to psychotic thoughts. (AR 1497–98).

        3. <u>Carolyn Costella, DNP, APN</u>

In August 2019, APN Costella completed a mental capacity assessment of Plaintiff. (AR 1594–96). APN Costella indicated that Plaintiff had a marked or extreme limitation in each of the seventeen evaluative categories. (AR 1594–96).

    **D.**    **The ALJ's Decision**

The ALJ's five-step sequential analysis concluded with a finding that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 29); *see* C.F.R. § 404.1520. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 20). At Step Two, the ALJ found seizures, anxiety, schizoaffective disorder, bipolar, and post-traumatic stress disorder (PTSD) to be severe impairments. (AR 20).

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed at 20 C.F.R. Part 404, subpart P, Appendix 1. (AR 20–23). Specifically, the ALJ reviewed the severity of Plaintiff's impairments to see if they met the Listing for Epilepsy (Listing 11.02), Depressive, bipolar and related disorders (Listing 12.04), Anxiety and obsessive-compulsive disorders (Listing 12.06), or Trauma—and stressor—related disorders (Listing 12.15). (AR 20–23). The ALJ addressed whether Plaintiff could meet each Listing under either the Paragraph B or C criteria, (AR 20–23), and found that Plaintiff had "mild" limitations in each Paragraph B criteria except concentration, persistence or maintaining pace, in which she found a "moderate" limitation. (AR 21). The ALJ also found that Plaintiff did not meet the Paragraph C criteria. (AR 23).

Before proceeding to Step Four, the ALJ determined that Plaintiff retained the residual functioning capacity ("RFC") to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant cannot be exposed to heights, hazards, ladders, ropes, or scaffolds. The claimant can perform simple and routine work.

(AR 23). Based on the testimony of the VE, the ALJ found that Plaintiff could perform the jobs of Hand Packager, Salvage Laborer, and Dishwasher, and that a significant number of such jobs existed in the national economy. (AR 28–29). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR 29).

### III.  LEGAL STANDARD

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by "substantial evidence." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42

U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotations omitted); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner of the Social Security Administration has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

>At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" If he is, he is not disabled. Otherwise, the ALJ moves on to step two.
>
>At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" If the claimant lacks such an impairment, he is not disabled. If he has such an impairment, the ALJ moves on to step three.
>
>At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" If the claimant's impairments do, he is disabled. If they do not, the ALJ moves on to step four.
>
>At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." A claimant's "[RFC] is the most [he] can still do despite [his] limitations." If the claimant can perform his past relevant work despite his limitations, he is not disabled. If he cannot, the ALJ moves on to step five.
>
>At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." If the claimant can make an adjustment to other work, he is not disabled. If he cannot, he is disabled.

*Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (alterations in original, citations and footnote omitted).

## IV.     DISCUSSION

On appeal, Plaintiff argues that the ALJ did not properly consider the testimony of APN Costella. Plaintiff contends that: (1) the ALJ's reasonings for rejecting APN Costella's opinion are conclusory and do not allow for meaningful review; (2) the ALJ improperly substituted her own opinion; and (3) if the ALJ had properly evaluated APN Costella's opinion, the ALJ should have found that Plaintiff's impairments met the Listings at Step Three.

The Court finds these arguments without merit and, for the following reasons, will affirm the final decision of the Acting Commissioner.

### A. The ALJ's decision regarding APN Costella was supported by substantial evidence in the record.

Plaintiff first argues that the ALJ did not sufficiently explain why she found APN Costella's opinion to be not persuasive. (Pla. Br., ECF No. 15 at 13–15). When faced with conflicting opinion evidence, an ALJ has significant discretion in choosing whom to credit. *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (citation omitted) ("[T]he ALJ is entitled to weigh all evidence in making its finding . . . [and] is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences."). However, when presented with conflicting evidence, the ALJ "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993); *Plummer*, 186 F.3d at 429 (citing *Stewart v. Sec'y of Health, Educ., & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983)) ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."). The ALJ's factual findings, including the RFC, do not need to follow a particular format "so long as 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Tompkins v. Astrue*, No. 12-1897, 2013 WL 1966059, at *13 (D.N.J. May 10, 2013) (quoting *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)).

Here, the ALJ considered APN Constella's opinion, discussing it detail. (AR 27). In finding the opinion unpersuasive, the ALJ noted that the opinion was not supported by the evidence, highlighting medical records showing Plaintiff's positive responses to treatment, (AR 46, 1281, 1283–84, 1287, 1417, 1454), and the less severe findings from other medical opinions, (AR 26–27). The ALJ limited Plaintiff to simple, routine work, effectively agreeing with APN Constella that Plaintiff had limitations but disagreeing as to their degree. (AR 23). This limitation was consistent with the recommendations of other medical opinions in the record. (AR 62–65, 78–81). Therefore, contrary to Plaintiff's assertions, the ALJ thoroughly explained her decision to grant

9

APN Constella's opinion less weight and the ALJ was was not required to adopt every limitation identified by her. *See, e.g., Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) ("This Circuit does 'not require an ALJ to submit to the [VE] every impairment alleged by a claimant.' Rather, the ALJ is only required to submit credibly established limitations.") (citing *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)).

Plaintiff next contends that the ALJ erroneously substituted her own opinion when rejecting that of APN Constella. (Pla. Br., ECF No. 15 at 17). In support, Plaintiff points to treatment notes in which Plaintiff reported increased paranoia and feeling like he was "going backwards." (AR 1609, 1643). An ALJ may not substitute her own lay opinion for the medical opinions of experts. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (finding that the ALJ improperly supplanted the medical opinions with his personal observation, speculation, and credibility judgments). This principle is "especially profound in a case involving mental disabilities." *Id.* at 319.

The Court finds this second argument unpersuasive because the ALJ made no mention of—let alone relied on—her own impressions of Plaintiff or the medical evidence. Rather, the ALJ identified inconsistencies with the record and made findings that were consistent with the opinions of other medical professionals. (AR 26–27). This is not a situation where the ALJ arrived at a conclusion absent the support of any medical professional, she simply found the value of other medical professionals more persuasive than that of APN Costella. (AR 26–27). The Court is not at liberty to second-guess that evaluation so long as it is supported by substantial evidence. *Nieves v. Comm'r of Soc. Sec.*, No. 20-2590, 2021 WL 2682629, at *2 (D.N.J. June 30, 2021) ("[T]he Court cannot re-weigh the evidence, and if the Court finds that the ALJ's decision is based on substantial evidence it must affirm even if the Court would have decided the case differently.").

Here, the ALJ's decision to limit Plaintiff to simple, routine work, is consistent with the recommendations of Doctors Nieves and Callender, (AR 62–65, 78–81), and the medical evidence. In more recent progress notes, Plaintiff still struggled with depressive moods but demonstrated normal cognition, attention, concentration, thought content and processes. (AR 789, 794, 796, 798, 800–02, 1272, 1274, 1276, 1280, 1454-55, 1459-60, 1463–65, 1468, 1480, 1484-86, 1489, 1519–21). Plaintiff testified that he is able to do some cleaning, prepare simple meals, drive, go grocery shopping, take care of his pets, clean his house, and do yardwork. (AR 198, 228, 230–31, 1496). Plaintiff further reported improvement on medication both during and after his inpatient treatment. (AR 46, 894, 927, 1091, 1281, 1283–84, 1287, 1417, 1454). Thus, the Court cannot say that the ALJ's opinion is not supported by substantial evidence.

Finally, Plaintiff summarily argues that a proper evaluation of APN Costella's testimony would have required the ALJ to find that Plaintiff met the Listings in Step Three. (Pla. Br., ECF No. 15 at 18). Since this Court has found that the ALJ's decision regarding APN Costella's testimony was supported by substantial evidence, Plaintiff's final argument is moot.

### V.   CONCLUSION

For the foregoing reasons, the Court will affirm the final decision of the Acting Commissioner. An appropriate Order will be entered.

Date: June 21, 2022

*Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**